908 So.2d 41 (2005)
Loren R. SEAGRAVE
v.
Robert Joe DEAN, Patrick S. Henry, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
No. 2003 CA 2272.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
Rehearing Denied August 23, 2005.
*42 Dan M. Scheuermann, Keith H. Grant, Troy D. Jackson, Baton Rouge, Counsel for Plaintiff/Appellee Loren R. Seagrave.
Todd S. Manuel, G. Michael Pharis, Baton Rouge, Counsel for Defendants/Appellants Robert Joe Dean, et al.
Before: WHIPPLE, GUIDRY, GAIDRY, McDONALD and McCLENDON, JJ.
GAIDRY, J.
In this racial discrimination action, defendants, Robert Joe Dean (Dean), Patrick S. Henry, and the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, appeal the trial court's judgment in favor of plaintiff, Loren Seagrave (Seagrave), awarding him damages for lost wages and emotional distress. *43 For the reasons that follow, we reverse the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
Seagrave started working for Louisiana State University and Agricultural and Mechanical College (Louisiana State University) in August of 1983 as an Assistant Men's and Women's Track Coach. Thereafter, in July 1985, he received a promotion and became the Head Women's Track Coach. In 1987, then Head Track Coach Billy Maxwell resigned and Seagrave approached Dean, Louisiana State University's Athletic Director, and requested that he be considered for the Head Track Coach position. Dean told Seagrave that he was looking for someone with experience coaching an entire track program, that Seagrave did not have the desired experience, and that it would be difficult to market an assistant coach to alumni. In July 1987, Louisiana State University hired Patrick Henry as the university's new Head Track Coach. Seagrave continued to work with the track program and retained his title as Head Women's Track Coach.
In the spring of 1989, the Louisiana State University track team conducted its spring training in Tempe, Arizona. While traveling back from Arizona, Seagrave approached Henry and informed him of an all-night "counseling session" he had with a female athlete at his vacant rental property on Alaska Street in Baton Rouge. This "counseling session" had occurred in July of 1988 when the female athlete requested to speak with Seagrave regarding some personal problems she was experiencing. Seagrave approached Henry on the way back from Arizona because he was concerned that the female athlete's boyfriend would be at the airport in Baton Rouge and was going to speak to others about the situation.
Upon his arrival back in Baton Rouge, Henry informed Dean of his conversation with Seagrave. A meeting was subsequently held between Seagrave, Henry, and Dean whereupon Seagrave was asked to resign his position; Seagrave refused. A notice was thereafter sent to Seagrave, informing him that an official letter of reprimand would be placed in his personnel file. Thereafter, Seagrave discussed his situation with the track team and the media. On April 12, 1989, Seagrave was given a notice that his employment would be terminated effective May 12, 1989. This notice incorrectly referred to Seagrave as an Assistant Track Coach. On April 18, 1989, a second notice of termination was sent to Seagrave, correctly stating his title as Head Women's Track Coach, and changed the effective date of his termination to May 15, 1989.
On April 18, 1989, Seagrave filed a grievance with Louisiana State University. A grievance hearing before the Vice Chancellor for Administrative Services was held on May 9, 1989, even though Seagrave was an at-will employee.[1] Seagrave's termination was not reversed.
In January of 1990, Seagrave filed the instant lawsuit, naming Dean, Henry, and the Board of Supervisors of Louisiana State University as defendants. In his petition, Seagrave asserted claims for abuse of rights, defamation, and racial discrimination in violation of La. R.S. 23:1006. According to Seagrave, he was terminated because of his marriage to an African-American *44 woman.[2] On February 5, 2003, defendants filed a Motion in Limine, seeking to exclude evidence relating to the 1987 hiring of Patrick Henry as the new Head Track Coach. The motion was set to be heard on February 18, 2003, but was continued to the trial on the merits. The trial began on February 24, 2003. On that same date, defendants filed a motion to strike the jury based on La. R.S. 13:5105, which provides that no suit against the state, a state agency, or a political subdivision shall be tried by a jury. Apparently finding that defendants' motion to strike was moot, the trial court continued to empanel a jury.[3]
At the conclusion of Seagrave's case in chief, defendants moved for a directed verdict. The trial court thereafter dismissed Seagrave's defamation claim and found that his abuse of rights claim was subsumed within his racial discrimination claim. Therefore, the only claim left before the jury for determination was the racial discrimination claim. On February 27, 2003, the jury returned a verdict finding in favor of Seagrave and awarding him $423,000.00 in lost wages and $350,000.00 in general damages for emotional distress. On April 2, 2003, the trial court entered a judgment against the defendants for the amounts reflected in the jury's verdict, plus legal interest. Defendants now appeal from this judgment and assert the following assignments of error:
1. The trial court improperly denied defendants' motion to strike the jury.
2. The trial court improperly denied defendants' motion in limine to exclude testimony regarding the isolated comment attributed to Dean.
3. The trial court erred in finding that Seagrave satisfied his burden of proving race-based discrimination.
4. The trial court erred in failing to instruct the jury on the law regarding employment discrimination when it failed to define "isolated comment" or provide any standards to guide the jury as to the weight to be given to isolated comments.
5. The jury verdict awarding Seagrave damages for lost wages and emotional distress is erroneous because Seagrave failed to prove such damages.
6. The jury's allocation of liability to Dean and Henry is contrary to law because these individuals were not Seagrave's employer according to La. R.S. 23:1006.

DISCUSSION

Racial Discrimination
Appellants assert that the jury erred in finding that Seagrave satisfied his burden of proving race-based discrimination. At the time this action was filed, La. R.S. 23:1006[4] governed discrimination in employment based on account of race, color, religion, sex or national origin and provided in part:
B. It shall be unlawful discrimination in employment for an employer to:
(1) intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect *45 to compensation, terms, conditions, or privileges of employment, because of race, color, religion, sex, or national origin.
(2) Intentionally limit, segregate, or classify an employee in a way which would deprive an individual of employment opportunities, give a favor or advantage to one individual over another, or otherwise adversely or favorably affect the status of an employee because of race, color, religion, sex, or national origin. Provided, however, that nothing contained herein shall be construed so as to create a cause of action against any employer for employment practices pursuant to any affirmative action plan.
Because La. R.S. 23:1006 is similar in scope to the federal prohibition against discrimination, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., Louisiana courts have looked to federal jurisprudence to interpret Louisiana discrimination laws. King v. Phelps Dunbar, L.L.P., 98-1805, p. 7 (La.6/4/99), 743 So.2d 181, 187.
Under federal law, the plaintiff bears the burden of proving that the defendant intentionally discriminated against him or her on the basis of race. Therefore, the scheme of proof under federal jurisprudence requires that the plaintiff first establish by a preponderance of the evidence a prima facie case of racial discrimination. Asbestos Plaintiffs v. Borden, Inc., 01-1379, p. 9 (La.App. 4 Cir. 8/14/02), 826 So.2d 581, 589, writ denied, 02-2377 (La.11/22/02), 829 So.2d 1046; LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir.1996). When the discrimination claim is based on circumstantial evidence, as is usually the case, the well-established burden-shifting analysis provided in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973), applies. A plaintiff is first required to establish a prima facie case by showing that he: (1) is a member of a protected class;[5] (2) was qualified for the position; (3) was terminated; and (4) was replaced by someone outside the protected class. Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir.1998), rehearing en banc granted, 169 F.3d 215 (5th Cir.) opinion reinstated in pertinent part, 182 F.3d 333 (5th Cir.1999). Once established, the plaintiff's prima facie case raises an inference of intentional discrimination and the burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action. If the defendant comes forward with a reason, which, if believed, would support a finding that the challenged action was nondiscriminatory, the inference raised by the plaintiff's prima facie case drops from the case. LaPierre, 86 F.3d at 448. The plaintiff then has the full and fair opportunity to demonstrate that the proffered reason was not the true reason for the employment decision and that race was. McDonnell Douglas, 411 U.S. at 804-805, 93 S.Ct. at 1825-1826; Walton v. Bisco Industries, Inc., 119 F.3d 368, 371 (5th Cir.1997).
After a case has been fully tried on the merits, the McDonnell Douglas burden-shifting analysis ceases to be of import to an appellate court. Instead, our inquiry becomes whether the record contains sufficient evidence to support the conclusions reached by the jury. Deffenbaugh-Williams, *46 156 F.3d at 587. When there is conflict in the testimony, reasonable inferences of fact and reasonable evaluations of credibility should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
In the instant case, defendants first assert that Seagrave did not establish a prima facie case because he did not show that he was replaced by someone outside his protected class. In particular, defendants claim that Seagrave had to show that he was replaced by someone who was neither an African-American nor married to an African-American. However, the relevant protected class in this case is not African-Americans as asserted by the defendants, but rather is someone engaged in an interracial relationship. See Deffenbaugh-Williams, 156 F.3d at 589. Evidence was introduced at trial that Myrtle Chester Ferguson, an African-American female, assumed Seagrave's responsibilities with the women's track team following his termination. There was no evidence that Ms. Ferguson was engaged in an interracial relationship. Therefore, we find that the jury could reasonably conclude that Seagrave established that he was replaced by someone outside of his protected class and otherwise established a prima facie case of racial discrimination as outlined above.
The defendants next argue that they came forth with sufficient evidence to show a legitimate, nondiscriminatory reason for Seagrave's termination. In particular, defendants assert that the reason Seagrave was terminated was because of his inappropriate behavior in engaging in an all-night "counseling session" with one of his female athletes. According to Dean and Henry, they viewed this type of conduct as unbecoming of a teacher or coach entrusted with the well-being of students and justifying Seagrave's immediate termination.
In support of his contention that race was the true reason for his termination, Seagrave introduced testimony of an alleged comment made by Dean during the 1987 hiring process of the new Head Track Coach. Samuel Semmes, a former assistant track coach and interim Head Track Coach with Louisiana State University, testified at trial that during a conversation with Dean, Dean informed him that Seagrave would not be considered for the Head Track Coach position because he only had experience coaching women and because he was going to marry a black woman.
In order for comments in the workplace to provide sufficient evidence of discrimination, they must be (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the termination; (3) made by an individual with authority over the employment decision; and (4) related to the employment decision at issue. Krystek v. University of Southern Mississippi, 164 F.3d 251, 256 (5th Cir.1999). Mr. Dean's alleged comments did not satisfy the criteria for workplace comments to be sufficient evidence of discrimination. The comment plaintiff alleges Dean made about interracial relationships was allegedly made during the 1987 hiring process for the university's Head Track Coach. As the employment decision at issue in this *47 suit is Seagrave's 1989 termination as the Head Coach of the Women's Track team, this earlier comment is neither proximate in time to the employment decision nor related to the employment decision at issue. Therefore, this alleged comment cannot provide sufficient evidence of discrimination, and Seagrave failed to prove his claim of race-based discrimination. The jury was clearly wrong in finding otherwise.
Because we find that Seagrave failed to meet his burden of proving his racial discrimination claim, it is unnecessary for us to address defendants' remaining assignments of error.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal in the amount of $3,093.29 are to be borne by the plaintiff, Loren Seagrave.
REVERSED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I disagree with the majority opinion, finding the jury's determination that Seagrave proved his claim of race-based discrimination was erroneous. In reviewing this matter, our inquiry is whether the record contains sufficient evidence to support the conclusions reached by the jury. Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir. 1998). The majority correctly points out that Seagrave produced evidence sufficient to establish a prima facie case of racial discrimination. After addressing the defendants' evidence of a nondiscriminatory reason for Seagrave's termination, the majority then apparently rests the whole of its determination on its finding that the alleged comment made by Dean was neither proximate in time nor related to Seagrave's termination. However, when evaluating the evidence in support of Seagrave's prima facie case, together with the alleged comment, I find that the record contained sufficient evidence to support the jury's determination. Further, as the questions of proximity and relation are factual in nature, I find that the jury, as factfinder, was in the best position to make those findings, though this court may have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
Therefore, for the foregoing reasons, I respectfully dissent.
MCCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs, with reasons.
For the following reasons, I respectfully concur. I agree with the opinion's basic analysis, but do not find that an employer must hire from a specific subclass. In Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir. 1988), the court set forth four elements required for a plaintiff to establish a prima facie case of discrimination as follows. The plaintiff must show that 1) he is a member of a protected class; 2) he was qualified for the position; 3) he was terminated; and 4) he was replaced by someone outside the protected class. Id. At 587. Herein, the protected class is African-Americans. Interracial couples constitute a sub-class of this protected class. Mr. Seagrave was replaced with an African-American woman. Therefore, the employer hired within the protected class. It would lead to absurd results to require an employer to hire not only within the protected class, but also within a specific sub-class. For these reasons, I believe Mr. *48 Seagrave failed to carry his burden of proof.
Alternatively, LSA-R.S. 13:5105 states that an action against the State of Louisiana shall be tried without jury. The evidence of record is not sufficient to draw the conclusion that "the motion was not received until the trial and jury selection had begun." Rather, the record is insufficient for us to adequately review this issue. Therefore, alternatively I would remand this case to the trial court for supplementation of the record. However, it is not necessary to address the issue to achieve the correct result in this case.
NOTES
[1] Seagrave also filed an action in federal district court in 1989, which was dismissed in 1992 based in part on a finding that Seagrave was an at-will employee. In this appeal, neither party disputes Seagrave's employment status.
[2] Seagrave is Caucasian.
[3] The matter of defendants' motion to strike was not taken up on the record. The order attached to defendants' motion simply stated "This is moot?!" without any signature or further explanation.
[4] La. R.S. 23:1006 was repealed by Section 4 of Acts 1997, No. 1409, effective August 1, 1997. Employment discrimination on account of race, color, religion, sex, or national origin is now governed by La. R.S. 23:332.
[5] Although not an issue before this court, we note that Title VII prohibits discrimination in employment premised on an interracial relationship. Deffenbaugh-Williams, 156 F.3d at 589.